## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | |
|---|---|
| **TIM PHILLIPS,**<br>**Individually and on behalf**<br>**of all others similarly situated,** | § <br> § <br> § **Civil Action No. _____** <br> § |
| *Plaintiff,* | § <br> § **JURY TRIAL DEMANDED** <br> § |
| v. | § **COLLECTIVE ACTION** <br> § **PURSUANT TO 29 U.S.C. § 216(b)** |
| **RICE ENERGY, INC.** | § <br> § **CLASS ACTION PURSUANT TO** |
| *Defendant.* | § **FED. R. CIV. P. 23** <br> § |

### ORIGINAL CLASS/COLLECTIVE ACTION COMPLAINT

Tim Phillips ("Plaintiff" or "Plaintiff Phillips") brings this action individually and on behalf of all Completion Consultants (hereinafter "Plaintiff and the Putative Class Members") who worked for Rice Energy, Inc. ("Rice Energy") and were paid a day rate but no overtime from three years preceding the filing of the Original Complaint and through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, pursuant to Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts"), and pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*

Plaintiff's FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his Ohio Acts and PMWA claims are asserted as class actions under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 23. The following allegations are based on personal

knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1.      This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and class actions pursuant to the Ohio Acts, the PMWA and FED. R. CIV. P. 23, to recover overtime wages.

2.      Plaintiff and the Putative Class Members are those similarly situated persons who worked for Rice Energy since August 31, 2014 and through the final disposition of this matter, and were paid a day rate for each day (and all hours) worked, but did not receive overtime for all hours worked over forty (40) in each workweek.

3.      Rice Energy improperly classified Plaintiff and the Putative Class Members as independent contractors.

4.      Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5.      The decision by Rice Energy not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6.      Rice Energy knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7.      Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA, the Ohio Acts or the PMWA.[1] Specifically, Plaintiff and the Putative Class Members performed routine and manual labor type job duties in the oilfield.

8.      Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. §216(b), and to recover all unpaid overtime and other damages owed under the Ohio Acts and the PMWA as class actions pursuant to FED. R. CIV. P. 23.

9.      Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.     Plaintiff also prays that the Rule 23 classes are certified as defined herein, and the Plaintiff be designated Class Representative.

## II.
## THE PARTIES

11.     Plaintiff Tim Phillips worked for Rice Energy within the meaning of the FLSA, the Ohio Acts and the PMWA within this judicial district and within the relevant three-year period. Plaintiff Phillips did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Michigan Ass'n of Governmental Employees v. Michigan Dep't of Corr.*, 992 F.2d 82, 83 (6th Cir. 1993) and *Davis v. Mountaire Farms, Inc.,* 453 F.3d 554, 556 (3d Cir. 2006)*; see also Graham v. Harbour*, 20 Ohio App.3d 293, 297, 486 N.E.2d 184 (10th Dist.1984) ("Recognizing the remedial purpose of both the federal FLSA and OMFWSA, and that exemptions from coverage under the act should be narrowly construed, the Tenth Appellate District held that the employer—not the employee—"has the burden of proving" non-coverage or exemption).

[2] The written consent of Tim Phillips is attached hereto as Exhibit "A."

12.     The Putative Class Members include those current and former Completion Consultants who worked for Rice Energy at any time since August 31, 2014 and have been subjected to the same illegal pay system under which Plaintiff Phillips worked and was paid. The Putative Class Members include: the FLSA Collective Members, as defined in Paragraph 59, who worked in various locations across the United States of America; the Ohio Acts Class Members, as defined in Paragraph 93, who worked in Ohio; and the PMWA Class Members, as defined in Paragraph 120, who worked in Pennsylvania.

13.     Rice Energy, Inc. ("Rice Energy") is a Delaware corporation, doing business in Ohio and Pennsylvania, and may be served through its registered agent for service of process at any of the following addresses: **The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801**; CT CORPORATION SYSTEM, 4400 EASTON COMMONS WAY SUITE 125, COLUMBUS, OH 43219; or CT Corporation System, 600 N 2nd Street, Suite 401, Harrisburg, PA 17101-1071.

### III.
### JURISDICTION & VENUE

14.     This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

15.     This Court has supplemental jurisdiction over the Ohio Acts and PMWA claims pursuant to 28 U.S.C. § 1367.

16.     This Court has personal jurisdiction over Rice Energy because the cause of action arose within this District as a result of Rice Energy's conduct within this District.

17.     Venue is proper in the Western District of Pennsylvania because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18.     Specifically, Rice Energy is headquartered in Canonsburg, Pennsylvania, which is located in this District and Division.

19.    Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

20.    Rice Energy is an oil and natural gas company operating primarily in Pennsylvania and Ohio in the Marcellus, Utica and Upper Devonian Shales."[3]

21.    To provide their services, Rice Energy employed numerous Completion Consultants—including the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the oilfield.

22.    Plaintiff Phillips has worked for Rice Energy as a Completion Consultant from approximately March 2014 through the present.

23.    Plaintiff Phillips has worked for Rice Energy in both Pennsylvania and Ohio.

24.    Rice Energy paid Plaintiff and the Putative Class Members a day rate for each day and all hours worked.

25.    Specifically, Plaintiff Phillips was paid $1,100.00 per day worked in the field, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

26.    Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are not exempt from overtime, Rice Energy did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

27.    Plaintiff and the Putative Class Members' primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing other oilfield related

---

[3] http://www.riceenergy.com/operations#/where-we-operate.

functions on various job sites, including for example in the State of Ohio, Pennsylvania and throughout the United States.

28.     Upon information and belief, Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Rice Energy and/or its clients.

29.     Upon further information and belief, Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Rice Energy and/or its clients.

30.     Virtually every job function was pre-determined by Rice Energy and/or its clients, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

31.     Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

32.     Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

33.     Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

34.     Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

35.     Moreover, Plaintiff and the Putative Class Members did not (and currently do not) supervise two or more employees.

36.     Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Rice Energy or its customers.

37.     Rice Energy determined the hours Plaintiff and the Putative Class Members worked.

38.     Rice Energy set Plaintiff and the Putative Class Members' pay and controlled the number of days (and hours) they worked.

39.     Rice Energy set all employment-related policies applicable to Plaintiff and the Putative Class Members.

40.     Rice Energy maintained control over pricing and marketing. Rice Energy also chose equipment and product suppliers.

41.     Rice Energy owned or controlled the equipment and supplies that Plaintiff and the Putative Class Members used to perform their work.

42.     Rice Energy had the power to hire and fire Plaintiff and the Putative Class Members.

43.     Rice Energy made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members an hourly wage with no overtime pay.

44.     Rice Energy reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided tools and equipment that Plaintiff and the Putative Class Members used.

45.     Plaintiff and the Putative Class Members did not employ their own workers.

46.     Plaintiff and the Putative Class Members worked continuously for Rice Energy on a permanent full-time basis.

47.     Rice Energy, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies. Moreover, Rice Energy paid operating expenses like rent, payroll, marketing, insurance, and bills.

48.     Plaintiff and the Putative Class Members relied on Rice Energy for their work. Plaintiff and the Putative Class Members did not market any business or services of their own. Instead, Plaintiff and the Putative Class Members worked the hours assigned by Rice Energy, performed duties assigned by Rice Energy, worked on projects assigned by Rice Energy, and worked for the benefit of Rice Energy and its customers.

49.     Rice Energy paid Plaintiff and the Putative Class Members on a weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of days (and hours) they were allowed to work, which was controlled by Rice Energy and/or its customers.

50.     Rice Energy improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon Rice Energy for their work.

51.     Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

52.     The FLSA, the Ohio Acts and the PMWA mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

53.     Under the Ohio Acts overtime shall be paid in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the FLSA. O.R.C. § 4111.03(A).

54.     Under the PMWA regular rate shall include all remuneration for employment paid to or on behalf of the employee, with exceptions that are inapplicable here. 34 Pa. Code § 231.43.

55.     Rice Energy denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

56.     Rice Energy applied this pay practice despite clear and controlling law that states that the manual labor/technical, routine duties which were performed by Plaintiff and the Putative Class Members consisted of ***non-exempt*** work.

57.     Accordingly, Rice Energy's pay policies and practices blatantly violated (and continue to violate) the FLSA, the Ohio Acts and the PMWA.

### V.
### CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.     FLSA COVERAGE**

58.     All previous paragraphs are incorporated as though fully set forth herein.

59.     The FLSA Collective is defined as:

**ALL COMPLETION CONSULTANTS WHO WORKED FOR RICE ENERGY, INC., AT ANY TIME FROM AUGUST 31, 2014 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID A DAY RATE BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

60.     At all times hereinafter mentioned, Rice Energy has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

61.     At all times hereinafter mentioned, Rice Energy has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

62.     At all times hereinafter mentioned, Rice Energy has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in

the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

63.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by Rice Energy, these individuals provided services for Rice Energy that involved interstate commerce for purposes of the FLSA.

64.     In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

65.     Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for Rice Energy and were engaged in oilfield services that were directly essential to the production of goods for Rice Energy and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

66.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

67.     In violating the FLSA, Rice Energy acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

68.     The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 59.

69.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Rice Energy.

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

70.     All previous paragraphs are incorporated as though fully set forth herein.

71.     Rice Energy violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

72.     Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Rice Energy's acts or omissions as described herein; though Rice Energy is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

73.     Moreover, Rice Energy knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

74.     Rice Energy knew or should have known its pay practices were in violation of the FLSA.

75.     Rice Energy is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

76.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Rice Energy to pay overtime in accordance with the law.

77.     The decision and practice by Rice Energy to not pay overtime was neither reasonable nor in good faith.

78.     Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C.     **FLSA COLLECTIVE ACTION ALLEGATIONS**

79.     All previous paragraphs are incorporated as though fully set forth herein.

80.     Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

81.     Other similarly situated employees have been victimized by Rice Energy's patterns, practices, and policies, which are in willful violation of the FLSA.

82.     The FLSA Collective Members are defined in Paragraph 59.

83.     Rice Energy's failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

84.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

85.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

86.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

87.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

88.     Rice Energy employed a substantial number of similarly situated workers since August 31, 2014. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

89.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Rice Energy will retain the proceeds of its rampant violations.

90.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

91.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 59 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Ohio Acts)

**A.      OHIO ACTS COVERAGE**

92.     All previous paragraphs are incorporated as though fully set forth herein.

93.     The Ohio Acts Class is defined as:

**ALL COMPLETION CONSULTANTS WHO WORKED FOR RICE ENERGY, INC., IN OHIO AT ANY TIME FROM AUGUST 31, 2014 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID A DAY RATE BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("Ohio Acts Class" or "Ohio Acts Class Members").**

94.     At all times hereinafter mentioned, Rice Energy has been an employer within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(2).

95.     At all times hereinafter mentioned, Plaintiff and the Ohio Acts Class members have been employees within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(3).

96.     Plaintiff and the Ohio Acts Class Members were or have been employed by Rice Energy since August 31, 2014, and have been covered employees entitled to the protections of the Ohio Acts and were not exempt from the protections of the Ohio Acts.

97.     The employer, Rice Energy, is not exempt from paying overtime benefits under the Ohio Acts.

## B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE OHIO ACTS

98.     All previous paragraphs are incorporated as though fully set forth herein.

99.     The OMFWSA requires that employees, including Plaintiff and the Ohio Acts Class Members receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

100.     The OPPA requires that Rice Energy pay Plaintiff and the Ohio Acts Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month.

101.     Plaintiff and the Ohio Acts Class Members were or have been employed by Rice Energy since August 31, 2014, and have been covered employees entitled to the protections of the Ohio Acts.

102.     Rice Energy is an employer covered by the requirements set forth in the Ohio Acts.

103.     Plaintiff and other Ohio Acts Class Members have not been exempt from receiving overtime benefits under the Ohio Acts.

104.     Plaintiff and the Ohio Acts Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Rice Energy violated the Ohio Acts by

failing to pay Plaintiff and other Ohio Acts Class Members any overtime premium for hours worked over 40 per week.

105.     Plaintiff and the Ohio Acts Class Members were not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work.

106.     The wages of Plaintiff and the Ohio Acts Class Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

107.     Plaintiff and the Ohio Acts Class Members have suffered damages and continue to suffer damages as a result of Rice Energy's acts or omissions as described herein; though Rice Energy is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages

108.     In violating the Ohio Acts, Rice Energy acted willfully, without a good faith basis, and with reckless disregard of applicable Ohio law.

109.     The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Ohio Acts, is defined in Paragraph 93.

110.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Rice Energy.

## C.     OHIO ACTS CLASS ALLEGATIONS

111.     All previous paragraphs are incorporated as though fully set forth herein.

112.     Plaintiff brings his Ohio Acts claims as class actions pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Rice Energy to work in Ohio since August 31, 2014.

113.     Class action treatment of Plaintiff's Ohio Acts claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

114. The number of Ohio Acts Members is so numerous that joinder of all class members is impracticable.

115. Plaintiff is a member of the Ohio Acts Class, his claims are typical of the claims of other Ohio Acts Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

116. Plaintiff and his counsel will fairly and adequately represent the Ohio Acts Class Members and their interests.

117. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

118. Accordingly, the Ohio Acts Class should be certified as defined in Paragraph 93.

## COUNT THREE
### (Class Action Alleging Violations of the PWMA)

A.      PMWA COVERAGE

119. All previous paragraphs are incorporated as though fully set forth herein.

120. The PMWA Class is defined as:

**ALL COMPLETION CONSULTANTS WHO WORKED FOR RICE ENERGY, INC., IN PENNSYLVANIA AT ANY TIME FROM AUGUST 31, 2014 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID A DAY RATE BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("PMWA Class" or "PMWA Class Members").**

121. At all times hereinafter mentioned, Rice Energy has been an employer within the meaning of the PMWA, 43 P.S. § 333.103(f).

122. At all times hereinafter mentioned, Plaintiff and the PMWA Class Members have been employees within the meaning of the PMWA, 43 P.S. § 333.103(g).

**B.**     **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PWMA**

123.     All previous paragraphs are incorporated as though fully set forth herein.

124.     The PMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

125.     Plaintiff and other PMWA Class Members have not been exempt from receiving overtime benefits under the PMWA.

126.     Plaintiff and other PMWA Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Rice Energy violated the PMWA by failing to pay Plaintiff and other class members any overtime premium for hours worked over forty (40) per week.

127.     Plaintiff and the PMWA Class Members have suffered damages and continue to suffer damages as a result of Rice Energy's acts or omissions as described herein; though Rice Energy is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

128.     In violating the PMWA, Rice Energy acted willfully, without a good faith basis and with reckless disregard of clearly applicable Pennsylvania law.

129.     The proposed class of employees, i.e. putative class members sought to be certified pursuant to the PMWA, is defined in Paragraph 120.

130.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Rice Energy.

**C.**     **PMWA CLASS ALLEGATIONS**

131.     Plaintiff brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Rice Energy to work in Pennsylvania since August 31, 2014.

132.   Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

133.   The number of PMWA Class Members is so numerous that joinder of all class members is impracticable.

134.   Plaintiff is a member of the PMWA Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

135.   Plaintiff and his counsel will fairly and adequately represent the class members and their interests.

136.   Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

137.   Accordingly, the PMWA Class should be certified as in Paragraph 120.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against Rice Energy as follows:

a.   For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 59 and requiring Rice Energy to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b.   For an Order certifying the Ohio Acts Class as defined in Paragraph 93, and designating Plaintiff as Representative of the Ohio Acts Class;

c.   For an Order certifying the PMWA Class as defined in Paragraph 120, and designating Plaintiff as Representative of the PMWA Class;

d.      For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

e.      For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

f.      For an Order pursuant to Section 16(b) of the FLSA finding Rice Energy liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

g.      For an Order pursuant to the Ohio Acts awarding Plaintiff and the Ohio Acts Class Members unpaid overtime, OPPA damages and other damages allowed by law;

h.      For an Order pursuant to the PMWA awarding Plaintiff and the PMWA Class Members unpaid overtime and other damages allowed by law;

i.      For an Order awarding the costs and expenses of this action;

j.      For an Order awarding attorneys' fees;

k.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

l.      For an Order awarding Plaintiff a service award as permitted by law;

m.      For an Order compelling the accounting of the books and records of Rice Energy, at Rice Energy's own expense;

n.      For an Order providing for injunctive relief prohibiting Rice Energy from engaging in future violations of the FLSA, the Ohio Acts and the PMWA, and requiring Rice Energy to comply with such laws going forward; and

o.     For an Order granting such other and further relief as may be necessary and appropriate.

Date: August 31, 2017                    Respectfully submitted,

                          By:     /s/ *Robert E. DeRose*
                                  **Robert E. DeRose** (PA Bar No. 94395)
                                          (OH Bar No. 005214)
                                  **BARKAN MEIZLISH HANDELMAN GOODIN
                                  DEROSE WENTZ, LLP**
                                  250 E. Broad St., 10th Floor
                                  Columbus, Ohio 43215
                                  Telephone: (614) 221-4221
                                  Fax: (614) 744-2300
                                  Email:  rderose@barkanmeizlish.com

                                  ***Local Counsel***

                                  /s/ *Clif Alexander*
                                  **Clif Alexander** (*Pro Hac Vice anticipated*)
                                  Federal I.D. No. 1138436
                                  Texas Bar No. 24064805
                                  clif@a2xlaw.com
                                  **ANDERSON2X, PLLC**
                                  819 N. Upper Broadway
                                  Corpus Christi, Texas 78401
                                  Telephone: (361) 452-1279
                                  Facsimile: (361) 452-1284

                                  ***Attorney in Charge for Plaintiff and Putative Class
                                  Members***