## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIM PHILLIPS, individually and on behalf of all others similarly situated, | ) ) | |
| | ) | No. 2:17-cv-01150-DSC |
| Plaintiff, | ) ) | |
| v. | ) ) | ELECTRONICALLY FILED |
| RICE ENERGY, INC., | ) ) | |
| Defendant. | ) | |

## ANSWER TO ORIGINAL CLASS/COLLECTIVE ACTION COMPLAINT

AND NOW COMES Rice Energy Inc. ("Rice Energy" or "Defendant"), by its undersigned counsel, and states the following answers and additional defenses to the Complaint filed by Tim Phillips ("Plaintiff").

The numbered paragraphs below correspond to the like-numbered paragraphs of the Complaint. Unless specifically admitted herein, each factual allegation in the Complaint is denied.

## I.    OVERVIEW

1.    Admitted in part and denied in part. Defendant admits that Plaintiff purports to bring this action under the FLSA, the Ohio Acts, the PMWA, and Fed. R. Civ. P. 23.  The remaining allegations are denied.

2.    The allegation in Paragraph 2 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied. By way of further response, Defendant did not employ Plaintiff or any of the Putative Class members.

3.    Denied. By way of further response, Defendant did not employ Plaintiff or any of the Putative Class Members, nor was Defendant responsible for classifying them as independent

contractors. To the extent they were classified as independent contractors, that decision was made by the third parties with whom Defendant contracted to perform services at its well sites.

4.      Admitted in part and denied in part. Defendant admits that Plaintiff and the Putative Class Members may have, at certain times, worked in excess of forty hours per work week. However, any implication that they were entitled to overtime pay for hours worked in excess of 40 per workweek is denied or that Defendant violated the FLSA, the Ohio Acts, or the PMWA. To the contrary, Plaintiff and the Putative Class Members were not employed by Defendant and were properly classified as independent contractors.

5.      The allegation in Paragraph 5 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied. By way of further responsible, Plaintiff and the Putative Class Members were compensated at all times in accordance with applicable law.

6.      The allegation in Paragraph 6 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied. By way of further responsible, Plaintiff and the Putative Class Members were compensated at all times in accordance with applicable law.

7.      The allegation in Paragraph 7 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

8.      Admitted in part and denied in part. Defendant admits that Plaintiff seeks to recover allegedly unpaid overtime pay and other damages. However, Defendant denies that Plaintiff or any of the Putative Class Members are entitled to any relief whatsoever.

9.      The allegation in Paragraph 9 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied. By way of

further response, Defendant denies that there are workers who are "similarly situated" to Plaintiff for the purposes of certifying a collective action under the FLSA.

10.    The allegation in Paragraph 10 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

## II.    THE PARTIES

11.    Admitted in part and denied in part. Defendant admits that Plaintiff performed work as a Completion Consultant at well sites operated by Defendant. The remaining allegations are denied. By way of further response, Defendant denies that it employed Plaintiff. To the contrary, Plaintiff independently contracted with a third party, with whom Defendant contracted to perform services at its well sites.

12.    Admitted in part and denied in part. Defendant admits that Plaintiff purports to bring this action for allegedly unpaid overtime compensation on behalf of himself and the Putative Class Members. The remaining allegations are denied. By way of further response, Defendant denies that Plaintiff or any of the Putative Class Members are entitled to any relief whatsoever. Defendant further denies that it employed Plaintiff or any of the Putative Class Members.

13.    Admitted.

## III.    JURISDICTION & VENUE

14.    Admitted.

15.    The allegation in Paragraph 15 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

16.    The allegation in Paragraph 16 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

17.    The allegation in Paragraph 17 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

18.    Admitted.

19.    The allegation in Paragraph 19 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

## IV.    ADDITIONAL FACTS

20.    Admitted.

21.    Denied. By way of further response, Defendant did not employ Plaintiff or any of the Putative Class Members as Completion Consultants. To the contrary, Defendant contracted with various third parties that provided independent contractor services at Defendant's well sites. Plaintiff and members of the Putative Class performed services for Defendant as independent contractors pursuant to a contract with a third party.

22.    Admitted in part and denied in part. Defendant admits that Plaintiff performed work as a Completion Consultant at well sites operated by Defendant. The remaining allegations are denied. By way of further response, Defendant denied that it employed Plaintiff or any of the Putative Class Members he purports to represent.

23.    Admitted in part and denied in part. Defendant admits that Plaintiff performed work as a Completion Consultant at well sites operated by Defendant. The remaining allegations are denied. By way of further response, Defendant denies that it employed Plaintiff or any of the Putative Class Members he purports to represent.

24.    Denied.

25.    Denied.

26.    The allegation in Paragraph 26 is a conclusion of law to which no response is

required.  To the extent a response is deemed necessary, the allegation is denied. By way of further response, Defendant denies that it employed Plaintiff or any of the Putative Class Members he purports to represent. In addition, Plaintiff and the Putative Class Members were compensated at all times in accordance with applicable law.

27.    The allegation in Paragraph 27 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied

36.    Denied

37.    Denied. By way of further response, the hours Plaintiff and the Putative Class Members worked were determined by the third parties, with whom they contracted to provide services at Defendant's well sites.

38.    Denied. By way of further response, the third parties with whom Plaintiff and the Putative Class Members independently contracted determined their pay and controlled the number of days and hours worked – not Defendant.

39.    Denied. Except for generally applicable safety regulations, Defendant's policies and procedures are not applicable to individuals employed by companies with which Defendant

contracts for services at its well sites.

40.    Denied.

41.    Admitted in part and denied in part. Defendant admits that in certain circumstances it provides independent contractors with some equipment for use during the duration of the independent contractor relationship, but denies it does so in all circumstances. To the extent any additional equipment was provided, it was provided by the third parties with whom Defendant contracted for services, not Defendant.  The remaining allegations are denied.

42.    Denied.

43.    Denied. To the contrary, these decisions were controlled by the third parties with whom Plaintiff and the Putative Class Members contracted to provide services at Defendant's well sites.

44.    Admitted in part and denied in part. Defendant admits that it provided some tools used by Plaintiff and the Putative Class Members. The remaining allegations are denied.

45.    Defendant is without sufficient information to form an opinion as to the truth of the allegation in paragraph 45. Accordingly, the allegation is denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied. By way of further response, Defendant was not responsible for paying Plaintiff or the Putative Class Members. To the contrary, their payment was determined by the third parties with whom Defendant contracted to perform services at its well sites.

50.    The allegation in Paragraph 50 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied. By way of further response, Defendant did not employ Plaintiff or any of the Putative Class Members. To

the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

51.   The allegation in Paragraph 51 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

52.   The allegation in Paragraph 52 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

53.   The allegation in Paragraph 53 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

54.   The allegation in Paragraph 54 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

55.   The allegation in Paragraph 55 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

56.   The allegation in Paragraph 56 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

57.   The allegation in Paragraph 57 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied. By way of further response, Plaintiff and the Putative Class Members did not employ Plaintiff or any of the Putative Class Members, all who were properly classified as independent contractors.

## V.   CAUSES OF ACTION

### COUNT ONE

58.   Defendant restates and incorporates by reference its response to Paragraphs 1-57 of the Complaint as if fully set forth herein.

59.     Admitted in part and denied in part. Defendant admits that Plaintiff purports to bring this action as a collective action pursuant to the FLSA on behalf of the listed individuals. The remaining allegations are denied.  By way of further response, Defendant denies that Plaintiff or any of the Putative Class Members are entitled to any relief whatsoever and/or that class and/or collective action certification is proper, including whether the proposed definition is proper. Defendant further denies that it employed Plaintiff or any of the Putative Class Members. To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

60.     Denied. By way of further response, Defendant did not employ Plaintiff or any of the Putative Class Members. To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

61.     The allegation in Paragraph 61 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

62.     The allegation in Paragraph 62 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

63.     The allegation in Paragraph 63 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

64.     The allegation in Paragraph 64 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

65.     The allegation in Paragraph 65 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

66.     The allegation in Paragraph 66 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

67.     The allegation in Paragraph 67 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

68.     Admitted in part and denied in part. Defendant admits that Plaintiff purports to bring this action as a collective action pursuant to the FLSA in the manner so alleged. The remaining allegations are denied.  By way of further response, Defendant denies that Plaintiff or any of the Putative Class Members are entitled to any relief whatsoever and/or that class and/or collective action certification is proper, including whether the proposed definition is proper. Defendant further denies that it employed Plaintiff or any of the Putative Class Members.  To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites

69.     The allegation in Paragraph 69 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

70.     Defendant restates and incorporates by reference its response to Paragraphs 1-69 the Complaint as if fully set forth herein.

71.     The allegation in Paragraph 71 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

72.     The allegation in Paragraph 72 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

73.     The allegation in Paragraph 73 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

74.    The allegation in Paragraph 74 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

75.    The allegation in Paragraph 75 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

76.    The allegation in Paragraph 76 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

77.    The allegation in Paragraph 77 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

78.    The allegation in Paragraph 78 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied. By way of further response, Defendant denies that Plaintiff or any of the Putative Class Members are entitled to any relief whatsoever and/or that class and/or collective action certification is proper, including whether the proposed definition is proper. Defendant further denies that it employed Plaintiff or any of the Putative Class Members.  To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

79.    Defendant restates and incorporates by reference its response to Paragraphs 1-78 the Complaint as if fully set forth herein.

80.    Admitted in part and denied in part. Defendant admits that Plaintiff purports to bring this action as a collective action pursuant to the FLSA in the manner so alleged. The remaining allegations are denied.  By way of further response, Defendant denies that Plaintiff or any of the Putative Class Members are entitled to any relief whatsoever and/or that class and/or collective action certification is proper, including whether the proposed definition is proper.

Defendant further denies that it employed Plaintiff or any of the Putative Class Members.  To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites. In addition, Defendant denies that Plaintiff and the Putative Class Members are similarly situated.

81.    The allegation in Paragraph 81 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied. By way of further response, Plaintiff and the Putative Class Members are not similarly situated.

82.    Admitted in part and denied in part. Defendant admits that Plaintiff purports to bring this action as a collective action pursuant to the FLSA in the manner so alleged. The remaining allegations are denied.  By way of further response, Defendant denies that Plaintiff or any of the Putative Class Members are entitled to any relief whatsoever and/or that class and/or collective action certification is proper, including whether the proposed definition is proper. Defendant further denies that it employed Plaintiff or any of the Putative Class Members.  To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites. In addition, Defendant denies that Plaintiff and the Putative Class Members are similarly situated.

83.    The allegation in Paragraph 83 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

84.    The allegation in Paragraph 84 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

85.    The allegation in Paragraph 85 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

86.     The allegation in Paragraph 86 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied. By way of further response, Defendant denies that Plaintiff or any of the Putative Class Members are entitled to any relief whatsoever and/or that class and/or collective action certification is proper, including whether the proposed definition is proper. Defendant further denies that it employed Plaintiff or any of the Putative Class Members.  To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

87.     The allegation in Paragraph 87 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

88.     The allegation in Paragraph 88 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

89.     The allegation in Paragraph 89 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied. By way of further response, Defendant denies that Plaintiff or any of the Putative Class Members are entitled to any relief whatsoever and/or that class and/or collective action certification is proper, including whether the proposed definition is proper. Defendant further denies that it employed Plaintiff or any of the Putative Class Members.  To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

90.     The allegation in Paragraph 90 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

91.    The allegation in Paragraph 91 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

## COUNT TWO

92.    Defendant restates and incorporates by reference its response to Paragraphs 1-91 the Complaint as if fully set forth herein.

93.    Admitted in part and denied in part. Defendant admits that Plaintiff purports to bring this action as a class action pursuant to the Ohio Acts in the manner so alleged. The remaining allegations are denied.  By way of further response, Defendant denies that Plaintiff or any of the Putative Class Members are entitled to any relief whatsoever and/or that class and/or collective action certification is proper, including whether the proposed definition is proper. Defendant further denies that it employed Plaintiff or any of the Putative Class Members.  To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

94.    Denied. By way of further response, Defendant did not employ Plaintiff or any of the Putative Class Members. To the contrary, Plaintiff and the Putative Class Members independently contracted with the companies with which Defendant contracted to perform services at its well sites.

95.    The allegation in Paragraph 95 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

96.    Denied. By way of further response, Defendant did not employ Plaintiff or any of the Putative Class Members. To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

97.     Denied. By way of further response, Defendant did not employ Plaintiff or any of the Putative Class Members. To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

98.     Defendant restates and incorporates by reference its response to Paragraphs 1-97 of the Complaint as if fully set forth herein.

99.     The allegation in Paragraph 99 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

100.     The allegation in Paragraph 100 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

101.     Denied. By way of further response, Defendant did not employ Plaintiff or any of the Putative Class Members. To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

102.     Denied. By way of further response, Defendant did not employ Plaintiff or any of the Putative Class Members. To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

103.     The allegation in Paragraph 103 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

104.     The allegation in Paragraph 104 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied. By way of

further response, Defendant was not responsible for determining the rate at which Plaintiff or the Putative Class Members were paid.

105.    The allegation in Paragraph 105 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied. By way of further response, Defendant was not responsible for determining the rate at which Plaintiff or the Putative Class Members were paid.

106.    The allegation in Paragraph 106 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied. By way of further response, Defendant was not responsible for determining the rate at which Plaintiff or the Putative Class Members were paid.

107.    The allegation in Paragraph 107 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

108.    The allegation in Paragraph 108 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

109.    Admitted in part and denied in part. Defendant admits that Plaintiff purports to bring this action as a class action pursuant to the Ohio Acts in the manner so alleged. The remaining allegations are denied.  By way of further response, Defendant denies that Plaintiff or any of the Putative Class Members are entitled to any relief whatsoever and/or that class and/or collective action certification is proper, including whether the proposed definition is proper. Defendant further denies that it employed Plaintiff or any of the Putative Class Members.  To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

110.    The allegation in Paragraph 110 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

111.    Defendant restates and incorporates by reference its response to Paragraphs 1-110 of the Complaint as if fully set forth herein.

112.    Admitted in part and denied in part. Defendant admits that Plaintiff purports to bring this action as a class action pursuant to the Ohio Acts in the manner so alleged. However, Defendant denies that Plaintiff or any of the Putative Class Members are entitled to any relief whatsoever and/or that class and/or collective action certification is proper, including whether the proposed definition is proper. Defendant further denies that it employed Plaintiff or any of the Putative Class Members.  To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

113.    The allegation in Paragraph 113 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

114.    The allegation in Paragraph 114 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

115.    The allegation in Paragraph 115 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

116.    The allegation in Paragraph 116 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

117.    The allegation in Paragraph 117 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

118.    The allegation in Paragraph 118 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

**COUNT THREE**

119.    Defendant restates and incorporates by reference its response to Paragraphs 1-118 of the Complaint as if fully set forth herein.

120.    Admitted in part and denied in part. Defendant admits that Plaintiff purports to bring this action as a class action pursuant to the PMWA in the manner so alleged. The remaining allegations are denied.  By way of further response, Defendant denies that Plaintiff or any of the Putative Class Members are entitled to any relief whatsoever and/or that class and/or collective action certification is proper, including whether the proposed definition is proper. Defendant further denies that it employed Plaintiff or any of the Putative Class Members.  To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

121.    Denied. By way of further response, Defendant did not employ Plaintiff or any of the Putative Class Members. To the contrary, Plaintiff and the Putative Class Members independently contracted with the companies with which Defendant contracted to perform services at its well sites.

122.    Denied. By way of further response, Defendant did not employ Plaintiff or any of the Putative Class Members. To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

123.    Defendant restates and incorporates by reference its response to Paragraphs 1-122of the Complaint as if fully set forth herein.

17

124.    The allegation in Paragraph 124 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

125.    The allegation in Paragraph 125 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

126.    The allegation in Paragraph 126 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

127.    The allegation in Paragraph 127 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

128.    The allegation in Paragraph 128 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

129.    Admitted in part and denied in part. Defendant admits that Plaintiff purports to bring this action as a class action pursuant to the PMWA in the manner so alleged. The remaining allegations are denied.  By way of further response, Defendant denies that Plaintiff or any of the Putative Class Members are entitled to any relief whatsoever and/or that class and/or collective action certification is proper, including whether the proposed definition is proper. Defendant further denies that it employed Plaintiff or any of the Putative Class Members.  To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

130.    The allegation in Paragraph 130 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

131.    Admitted in part and denied in part. Defendant admits that Plaintiff purports to bring this action as a class action pursuant to the PMWA in the manner so alleged. However, Defendant denies that Plaintiff or any of the Putative Class Members are entitled to any relief

whatsoever and/or that class and/or collective action certification is proper, including whether the proposed definition is proper. Defendant further denies that it employed Plaintiff or any of the Putative Class Members.  To the contrary, Plaintiff and the Putative Class Members independently contracted with third parties with whom Defendant contracted to provide services at its well sites.

132.    The allegation in Paragraph 132 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

133.    The allegation in Paragraph 133 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

134.    The allegation in Paragraph 134 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

135.    The allegation in Paragraph 135 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

136.    The allegation in Paragraph 136 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

137.    The allegation in Paragraph 137 is a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the allegation is denied.

## VI.    RELIEF SOUGHT

Defendant denies the allegations in Plaintiff's Prayer for Relief and further denies that Plaintiff or any of the Putative Class Members are entitled to any relief whatsoever.

## ADDITIONAL DEFENSES

Defendant states the following additional defenses to the Complaint but does not assume the burden of proof of any such defense except as required by applicable law with respect to the particular defense asserted.

1.      Plaintiff and/or the Putative Class Members have failed in whole or in part to state a claim upon which relief may be granted.

2.      Defendant was not Plaintiff's employer, nor the employer of any of the Putative Class Members.

3.      Plaintiff and/or the Putative Class Members were properly classified under local, state and federal law as independent contractors.

4.      If Defendant is deemed to be an employer, then Plaintiff and/or the Putative Class Members were properly classified as exempt employees, for some or all of the disputed time frame, based on the executive, administrative, professional, Motor Carrier, and/or highly compensated employee exemptions.

5.      If Defendant is deemed to be an employer, then Plaintiff and/or the Putative Class Members were properly compensated, for some or all of the disputed time frame, for all hours worked, however few or many, under both the salary level and salary basis tests.

6.      To the extent Plaintiff and/or the Putative Class Members are entitled to any overtime damages, for some or all of the disputed time frame, such overtime should be calculated using, at most, the half-time rate.

7.      Plaintiff's claims and/or the claims of the Putative Class Members are barred, in part, by the applicable statutes of limitations or limitations periods.

8.      Defendant has paid all compensation due and owing in accordance with the requirements of local, state and federal laws in that, among other things, any overtime payment calculations, for some or all of the disputed time frame, were correct.

9.      The injuries/damages, if at all, caused to Plaintiff and/or the Putative Class Members are attributed to the actions or omissions of third parties alone and not Defendant.

10.    Defendant's actions and/or omissions were, at all times material to the Complaint, in good faith and in conformity with and reliance upon local, state and federal laws, administrative regulations, orders, rulings, statements, practices, approvals and/or interpretations.

11.    Plaintiff and/or the Putative Class Members cannot establish that any acts or omissions of Defendant were willful under the FLSA or willful or intentional under any applicable state law.

12.    Plaintiff's claims and/or the Putative Class Members are barred, in whole or in part, to the extent that they seek compensation for activities that are considered non-compensable, whether under the Portal-to-Portal Act, or otherwise.

13.    Plaintiff's claims and/or the Putative Class Members are barred in whole or in part to the extent that other action(s) are pending on the same claims.

14.    The claims are barred, in whole or in part, under the doctrines of waiver, estoppel, ratification, or unclean hands.

15.    Plaintiff and members of the Putative Class Members are not similarly situated for purposes of the FLSA.

16.    Plaintiff and the Putative Class Members do not meet the requisite criteria sufficient to justify a class action under Fed. R. Civ. P. 23.

17.    Plaintiff and the Putative Class Members are not entitled to recover any damages, including compensatory damages, consequential damages, liquidated damages, exemplary damages, penalties, attorneys' fees, interest, or costs.

18.    Defendant reserves the right to amend its pleadings to assert any additional affirmative defenses that become known or ascertained through the course of discovery.

WHEREFORE, Defendant, by counsel, respectfully requests judgment in its favor and

against Plaintiff on all causes of action, that Plaintiff takes nothing by way of the Complaint, and

for all other necessary and proper relief.

Dated:  September 22, 2017                    Respectfully submitted,

                                              */s/ Christian Antkowiak*
                                              Christian Antkowiak *(PA 209231)*
                                              christian.antkowiak@bipc.com
                                              Jaime Tuite *(PA 87566)*
                                              jaime.tuite@bipc.com

                                              Buchanan Ingersoll & Rooney PC
                                              One Oxford Centre
                                              301 Grant Street, 20th Floor
                                              Pittsburgh, PA 15219
                                              Phone: 412-562-8800
                                              Fax:    412-562-1041

                                              *Attorneys for Defendant,*
                                              *Rice Energy Inc.*