# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| TIM PHILLIPS,<br>Individually and on behalf<br>of all others similarly situated,<br><br>        *Plaintiff*,<br><br>v.<br><br>RICE ENERGY, INC.<br><br>        *Defendant.* | § <br> § <br> § <br> § <br> §   Civil Action No. 2:17-cv-1150 <br> § <br> § <br> §   Judge Davis S. Cercone <br> § <br> § <br> § <br> § <br> § |

## JOINT MOTION TO APPROVE
## COLLECTIVE ACTION SETTLEMENT

Robert E. DeRose (PA Bar No. 94395)
**BARKAN MEIZLISH DEROSE
WENTZ MCINERNEY PEIFER, LLP**
250 East Broad Street, 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

Clif Alexander (*Admitted Pro Hac Vice*)
Texas Bar No. 24064805
clif@2xlaw.com
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorneys for Plaintiffs**

Christian Antkowiak (PA 209231)
christian.antkowiak@bipc.com
Jaime Tuite (PA 87566)
jaime.tuite@bipc.com
**BUCHANAN INGERSOLL & ROONEY PC**
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
Phone: 412-562-8800
Fax: 412-562-1041

**Attorneys for Defendant**

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... iii

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND .................................................................................................................. 1

III. SETTLEMENT TERMS ........................................................................................................ 2

IV. ARGUMENT & AUTHORITY ............................................................................................... 3

    A. A *Bona Fide* Dispute Existed .............................................................................. 3

    B. The Settlement is Fair and Reasonable ................................................................ 5

        1. The Settlement Is Fair, Reasonable and Adequate in Relation to the Strength of Plaintiffs' Case and Risks and Expense of Further Litigation ...................................... 6

        2. This Is an Appropriate Point for Settlement ............................................ 7

        3. The Opinion of Experienced Counsel Supports Approval of the Settlement ....... 7

        4. The Plaintiffs Endorse the Settlement ..................................................... 9

V. CONCULSION .................................................................................................................... 9

**TABLE OF AUTHORITIES**

**Cases**

*Adams v. Bayview Asset Mgmt., LLC*, 11 F. Supp. 3d 474 (E.D. Pa. Feb. 26, 2014) ......................................................................................................................................... 3

*Austin v. Pennsylvania Dep't of Corrs.*, 876 F. Supp. 1437 (E.D. Pa. 1995) ............................... 6, 8

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) ...................................................................... 4

*Brumley v. Camin Cargo Control, Inc.*, No. 2:08-cv-01798, 2012 WL 1019337 (D.N.J. Mar. 26, 2012) ........................................................................................................ 3

*Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977) .......................................................................... 8

*Creed v. Benco Dental Supply Co.*, No. 3:12-cv-01571, 2013 WL 5276109 (M.D. Pa. Sept. 17, 2013) .................................................................................................................. 3

*Diaz v. Scores Holding Co., Inc.*, No. 1:07-cv-08718, 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011) ................................................................................................... 4

*Dino v. Penn.*, No. 1:08-cv-01493, 2013 WL 4041681 (M.D. Pa. Aug. 8, 2013) ......................... 3

*Fisher Brothers v. Phelps Dodge Indus., Inc.*, 604 F. Supp. 446 (E.D. Pa. 1985) ..................... 7, 8

*Girsh v. Jepson,* 521 F.2d 153 (3d Cir.1975) .............................................................................. 5, 6

*In re Chickie's & Pete's Wage & Hour Litig.*, 2:12-cv-06820, 2014 WL 911718 (E.D. Pa. Mar. 7, 2014) .................................................................................................... 5

*In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ........................................................................................................ 8

*In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ........................................................................................................ 6

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768 (3d Cir. 1995) ............................................................................................................... 8

*In re Inter-Op Prosthesis Liab. Litig.*, 204 F.R.D. 359, (N.D. Ohio 2001) ................................... 9

*In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 642 (E.D. Pa. 2003) ............................... 8

*In re NASDAQ Market Makers Antitrust Litig.*, 176 F.R.D. 99 (S.D.N.Y. 1999) ......................... 9

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,* 148 F.3d 283 (3d Cir. 1998) ....................................................................................................................... 7

*Lake v. First National Bank*, 900 F. Supp. 726 (E.D. Pa. 1995) .................................................. 8

*Lignore v. Hosp. of Univ. of Pa.*, No. 2:04-cv-05735, 2007 WL 1300733 (E.D. Pa. 2007) .......................................................................................................................... 3

*Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362 (S.D.N.Y. 2013) .................................... 4

*Lynn's Food Stores Inc. v. US Dep't of Labor*, 679 F.2d 1350 (11th Cir 1982) ............................. 3

*Lyons v. Gerhard's Inc.*, No. 2:14-cv-06693, 2015 WL 4378514 (E.D. Pa. July 16, 2015) ............................................................................................................................................. 5

*McGee v. Ann's Choice, Inc.*, No. 2:12-cv-02664, 2014 WL 2514582 (E.D. Pa. June 4, 2014) ........................................................................................................................................... 5

*McMahon v. Olivier Cheng Catering & Events, LLC*, No 1:08-cv-08713, 2010 WL 2399328 (S.D.N.Y. Mar. 3, 2010) ...................................................................................................... 4

*Slomovics v. All For a Dollar, Inc.*, 906 F. Supp 146, 149 (E.D.N.Y. 1995) .................................. 8

*Vargas v. Gen. Nutrition Cntrs., Inc.*, No. 2:10-cv-00867, 2015 WL 4155449 (W.D. Pa. Mar. 20, 2015) .......................................................................................................... 3

*Weismantle v. Jali*, No. 2:13-cv-01087, 2015 WL 1866190 (W.D. Pa. Apr. 23, 2015) ............................................................................................................................................. 3

*Weiss v. Mercedes-Benz of N Am. Inc.*, 899 F. Supp. 1297 (D.N.J. 1995) ..................................... 8

**Statutes**

29 U.S.C. § 216 ................................................................................................................... 1, 5, 17

# I.
## INTRODUCTION

Plaintiff Tim Phillips, individually and on behalf of all opt-in plaintiffs (collectively, "Plaintiffs") and Defendant Rice Energy, Inc., file this joint motion to approve the settlement reached in this Fair Labor Standards Act ("FLSA") case. Because the settlement provides Plaintiffs with a significant settlement amount, after attorney's fees and costs, it should be approved.

# II.
## BACKGROUND

Plaintiffs filed this collective/class action on August 31, 2017. ECF No. 1. Plaintiffs alleged Rice Energy, Inc. ("Rice") misclassified them as independent contractors and paid them a day rate only, with no overtime compensation.[1] Because Plaintiffs were Rice's employees, as a matter of economic reality, Plaintiffs claim they were entitled to receive overtime compensation at one and a half times their "regular rates" of pay as defined by the FLSA, in addition to liquidated damages, attorneys fees, and costs. *See* 29 U.S.C. § 216(b).

Both parties served and responded to written discovery. Based upon the documents and responses provided by Defendant, Plaintiffs' counsel was able to calculate the amount of unpaid overtime for each represented individual. Based on the damage calculations, counsel for Plaintiffs and Defendant engaged in informal settlement negotiations and were able to come to a compromise regarding the amounts owed. The negotiations were long and contentious and the Parties hotly contested the classification issue. Ultimately, the following settlement was reached:

---

[1] Plaintiffs initially alleged claims against Rice pursuant to Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts"), and pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, as putative class actions pursuant to Federal Rule of Civil Procedure 23. *See* ECF No. 1. Plaintiffs subsequently amended their complaint to remove their state law claims. *See* ECF No. ___.

| | |
|---|---|
| Maximum Settlement Fund: | $360,000.00 |
| Attorneys' Fees: | $131,400.00 |
| Costs and Expenses: | $1,600.00 |
| Enhancement Awards: | $10,000.00 |
| Net Settlement Fund: | $217,000.00 |

Plaintiffs submit this is a fair and reasonable result of a *bona fide* dispute concerning the payment of wages to them.

## III.
### SETTLEMENT TERMS

The Settlement terms are set forth in the Settlement Agreement. *See* Exhibit 1. The Settlement is being offered on an "opt-in" basis pursuant to Section 16(b) of the FLSA. 29 U.S.C. § 16(b). )) Only those workers who elect to participate will be bound. Those workers who elect to participate in the Settlement will receive their *pro rata* allocation of the Settlement funds. Each worker's settlement amount is, of course, different. However, the settlement amount is based on each worker's actual damage amount, and they are receiving a significant portion of their unpaid back-wages.

The Settlement will be facilitated by a Settlement Administrator, who will (1) establish a Qualified Settlement Fund; (2) send the Notice Packets; (3) process forms; (4) report the progress to counsel; (5) distribute settlement checks; (6) report taxes; and (7) return any unclaimed portion of the Settlement to Rice. *See* Exhibit 1, § 5. The Plaintiffs will have 60 days to review and decide whether to accept the Settlement. In exchange for accepting the Settlement, each participating plaintiff will release Rice and all other parties and entities identified in Section 4(c) of the Settlement Agreement. In exchange for this release, participating plaintiffs will receive payment after providing their fully executed claim form. Plaintiffs' settlement amount will be subject to applicable state and federal tax withholdings. Plaintiff Tim Phillips will receive an additional payment of $10,000.00 as an

Enhancement Award for his service as the Class Representative in this Litigation. The Enhancement Award will be paid as IRS Form 1099 income not subject to withholdings. *See* Exhibit 1, § 5(j).

## IV.
## ARGUMENT & AUTHORITY

The FLSA provides that "any employer who violations the provisions of Section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). )) Because of the public interest in FLSA rights, there are only two ways that FLSA claims can be settled or compromised by employees: (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c); or (2) a district-court approved compromise pursuant to 29 U.S.C. § 216(b)." *Adams v. Bayview Asset Mgmt., LLC*, 11 F. Supp. 3d 474, 476 (E.D. Pa. Feb. 26, 2014)) (citing *Lynn's Food Stores Inc. v. US Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir 1982)) )). In the latter situation, "a district court may enter a stipulated judgement after determining that the proposed settlement 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Dino v. Penn.*, No. 1:08-cv-01493, 2013 WL 4041681, at *3 (M.D. Pa. Aug. 8, 2013) (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1352)); *Vargas v. Gen. Nutrition Cntrs., Inc.*, No. 2:10-cv-00867, 2015 WL 4155449, at *1 (W.D. Pa. Mar. 20, 2015) . Because FLSA settlement agreements become judicial records, the Parties should file all agreements into the Court record for review. *Weismantle v. Jali*, No. 2:13-cv-01087, 2015 WL 1866190, at *1 (W.D. Pa. Apr. 23, 2015) ..

    A.    A *BONA FIDE* DISPUTE EXISTED

A dispute is "*bona fide*" when it involves "factual issues" rather than "legal issues such as the statute's coverage and applicability," *Lignore v. Hosp. of Univ. of Pa.*, No. 2:04-cv- 05735, 2007 WL 1300733, at *3 (E.D. Pa. 2007) , and when its settlement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching," *Brumley v. Camin Cargo Control, Inc.*, No. 2:08-cv-01798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012)

(quoting *Lynn's Food*, 679 F.2d at 1354); *see also Creed v. Benco Dental Supply Co.*, No. 3:12-cv-01571, 2013 WL 5276109, at *1 (M.D. Pa. Sept. 17, 2013) .

Further, Congress has recognized that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part that endangered national health and efficiency and, as a result, the free movement of goods in interstate commerce. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945) (requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel). This inherent inequality, of course, is diminished when workers are represented by experienced counsel. Courts can therefore "approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Diaz v. Scores Holding Co., Inc.*, No. 1:07-cv-08718, 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Id.* So, absent unusual circumstances, "there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotes omitted). "If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved." *McMahon v. Olivier Cheng Catering & Events, LLC*, No 1:08-cv-08713, 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010) .

In the instant case, the Parties fiercely contested the claims and defenses asserted. Plaintiffs alleged that Rice misclassified its Completion Consultants as independent contractors and exercised substantial control over their day to day activities. Rice maintains that Plaintiffs were properly classified as independent contractors based on the economic realities test. Further, Plaintiffs argued that all Completions Consultants compensated by a day rate were similarly situated in the terms of relevant

compensation practices. On the other hand, Rice maintained that any class would be subject to decertification because the Plaintiffs were not similarly situated. The Parties further disagreed on whether Plaintiffs could satisfy their burden to demonstrate that Rice acted willfully, which in turn affects whether Plaintiffs could recover dates for two (2) or three (3) years. 29 U.S.C. § 255.  Plaintiffs also contend that Rice would not be able to meet its burden to prove that it acted in good faith, which would implicate the amount, of any, of liquidated damages. 29 U.S.C. § 260. )) Rice maintained that it acted in good faith at all times, and damages (if any) should be recovered only for a two (2) year period.

As a result of the filings, arguments, documentation, and discovery in the instant suit, the current settlement before the Court is the result of a *bona fide* dispute. The parties disputed liability in this case and were only able to reach a compromise through extensive negotiations.

    **B.**    **THE SETTLEMENT IS FAIR AND REASONABLE**

Courts presented with a proposed settlement of an FLSA claim engage in a two-part analysis. First, the Court must determine if the settlement is fair and reasonable to the employee or employees involved. *See McGee v. Ann's Choice, Inc.*, No. 2:12-cv-02664, 2014 WL 2514582, at *2 (E.D. Pa. June 4, 2014) . If it is, the Court next considers "whether the agreement furthers or impermissibly frustrates the implementation of FLSA in the workplace." *Id.* at *4; *see also Lyons v. Gerhard's Inc.*, No. 2:14-cv-06693, 2015 WL 4378514, at *3–4 (E.D. Pa. July 16, 2015) .. When evaluating whether a proposed settlement is fair and reasonable, courts in the Third Circuit often turn to the *Girsh* test for evaluating proposed class or collective action settlement agreements. *See Girsh v. Jepson,* 521 F.2d 153, 157 (3d Cir. 1975); *see also, e.g., In re Chickie's & Pete's Wage & Hour Litig.*, 2:12-cv-06820, 2014 WL 911718, at *3 (E.D. Pa. Mar. 7, 2014) . The nine factors are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability; (5) risk of establishing damages; (6) risk of maintaining the class action through the trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of

the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Girsh*, 521 F.2d at 157 (quotation omitted). Here, the *Girsh* factors strongly support final approval of the Settlement Agreement.

### 1. The Settlement Is Fair, Reasonable and Adequate in Relation to the Strength of Plaintiffs' Case and Risks and Expense of Further Litigation

Defendant will pay up to $360,000.00 to resolve the claims of the Plaintiffs. Plaintiffs will receive the amounts reflected in Exhibit A of the attached Settlement Agreement after settlement administration costs, Plaintiff Phillips' Enhancement Award, and attorneys' fees and costs are deducted. Under any reasonable metric, this is a robust settlement.

As described above in relation to this *bona fide* dispute, the Parties faced a significant risk through this litigation surrounding the facts of this case alone. The Parties hotly contested many issues in the case. Further, Plaintiffs assumed a very real risk because this case was accepted on a contingency fee basis with no guarantee that all the time, effort, and expense dedicated to this case would garner any recovery.

Importantly, the settlement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years.[2] Both sides have had considerable experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation. *Austin v. Pennsylvania Dep't of Cor*rs., 876 F. Supp. 1437, 1472 (E.D. Pa. 1995) ("[I]n determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated*

---

[2] Plaintiffs' counsel has served as lead counsel in numerous large-scale wage and hour class/collective actions throughout the United States. Defendant is equally represented by experienced employment litigation specialists from BUCHANAN INGERSOLL & ROONEY PC.

6

*Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.*, 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

### 2.     This Is an Appropriate Point for Settlement

In this case, the proposed settlement was reached after (1) extensive formal and informal discovery, including exchanging thousands of pages of documents; (2) extensive communication regarding certification; and (3) comprehensive damage modeling. There was sufficient investigation and discovery conducted in this matter to allow counsel and the Court to act intelligently concerning the settlement of the claims. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,* 148 F.3d 283, 319 (3d Cir. 1998) (finding class counsel's "vigorous litigation," pursuit of discovery, and use of informal discovery supported settlement). Notably, the parties exchanged documentation, records and information that allowed them to determine the losses that the Plaintiffs suffered as a result of the alleged wage and hour violations. Rice produced critical payroll records that helped to inform the Parties' decision to settle. Once these documents were analyzed by the Parties, along with the other discovery provided, interviews undertaken, additional discovery would not likely have changed the outcome of the Settlement. The state of the proceedings supports final approval of the Settlement.

### 3. The Opinion of Experienced Counsel Supports Approval of the Settlement

The Settlement was the result of extensive negotiations with experienced counsel on both sides. The Settlement was negotiated by a team of plaintiffs' attorneys who have been vigorously prosecuting this and similar claims for many years. These attorneys have had considerable experience in prosecuting wage and hour claims previously, both federal and state claims, and, in this case, were particularly well informed as to the facts and circumstances of the litigation. *See* The arm's length consideration is met, which is often shaped by the experience and reputation of counsel, who have

researched the issues and are knowledgeable regarding the facts of the litigation. *Austin*, 876 F. Supp. at 1472 ("[I]n determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 787–88 (3d Cir. 1995) ; *Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977) ; *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ; ("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers*, 604 F. Supp. at 446  ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

This settlement was, moreover, specifically negotiated by experienced counsel to meet all the requirements of the FLSA collective action provisions and the administrative procedures to assure that all class members due process rights are protected. Further, continued litigation would be long, complex and expensive, and a burden to Court dockets. *See Lake v. First National Bank*, 900 F. Supp. 726 (E.D. Pa. 1995)  (recognizing that the expense and duration of litigation are factors to be considered in evaluating the reasonableness of a settlement); *Weiss v. Mercedes-Benz of N Am. Inc.*, 899 F. Supp. 1297 (D.N.J. 1995)  (recognizing that the burden on crowded court dockets to be considered). A trial on the merits would be very expensive for both Plaintiffs and Rice, and would not even necessarily end the litigation, as the losing party would have the right to appeal. *See In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 642 (E.D. Pa. 2003)  (where the protracted nature of the action would cause a lengthy delay in recovery, the "substantial and immediate benefits" to class members favored approval); *Slomovics v. All For a Dollar, Inc.*, 906 F. Supp. 146, 149 (E.D.N.Y. 1995)  (recognizing that where litigation had potential to be lengthy, and was likely to be expensive, settlement was in best interest of class members).

Finally, there is no reason to doubt the fairness of the proposed Settlement as resulting from arm's length negotiations. The Settlement was the result of good faith, arm's length negotiations

between experienced and informed counsel on both sides. The proposed Settlement does not grant preferential treatment to the class representatives and it does not provide excessive compensation to counsel. *See In re Inter-Op Prosthesis Liab. Litig.*, 204 F.R.D. 359, 379 (N.D. Ohio 2001) . Accordingly, the standards for approval are met in this case and the Court should grant Plaintiffs' motion in its entirety. *See In re NASDAQ Market Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1999) .

### 4. The Plaintiffs Endorse the Settlement

As reflected by their signatures on the Settlement Agreement, Exhibit 1, Plaintiffs approve of the Settlement. This Settlement should therefore be approved.

## V.
## CONCLUSION

For these reasons, Plaintiffs and Rice Energy, Inc. respectfully request the Court grant the Joint Motion to Approve Collective Action Settlement.

Dated: December 18, 2018                    Respectfully submitted,

/s/ *Clif Alexander*
Clif Alexander (*Admitted Pro Hac Vice*)
Texas Bar No. 24064805
clif@2xlaw.com
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Robert E. DeRose*
Robert E. DeRose (PA Bar No. 94395)
**BARKAN MEIZLISH DEROSE**
**WENTZ MCINERNEY PEIFER, LLP**
250 East Broad Street, 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

**Attorneys for Plaintiffs**

/s/ *Christian Antkowiak*
Christian Antkowiak (PA 209231)
christian.antkowiak@bipc.com
Jaime Tuite (PA 87566)
jaime.tuite@bipc.com
**BUCHANAN INGERSOLL & ROONEY PC**
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
Phone: 412-562-8800
Fax: 412-562-1041

**Attorneys for Defendant**

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Pennsylvania, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

>*/s/ Robert E. DeRose*
>Robert E. DeRose